IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 1:19cr457-RAH-3 |
| | ) | |
| CORNELIUS THOMAS | ) | |

## Order and Opinion

Pending before the Court is the Petition by Third Party for Return of Confiscated Property (Motion) (Doc. 203) filed by Christina Thomas. After a two-part hearing, the Magistrate Judge recommended the Court deny Ms. Thomas' Motion, which sought the return of a 2015 Chevrolet Silverado 1500 seized as part of this criminal matter. (Doc. 229.) On July 27, 2021, Ms. Thomas filed a response (Doc. 230), in which she objected to the Report and Recommendation (Recommendation) of the Magistrate Judge.[1] Upon an independent and *de novo* review of the record, including a review of the transcript, and for the reasons that follow, the Court adopts the Recommendation that the Motion be denied.

### I. STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court must review the disputed portions of the recommendation *de novo*. 28

---

[1] The Court construes Ms. Thomas' response as including objections to the Recommendation.

U.S.C. § 636(b)(1).  The district court "may accept, reject, or modify the recommendation; receive further evidence; or resubmit the matter to the magistrate judge with instructions." FED.R.CRIM.P. 59(b)(3).

*De novo* review requires the district court to independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). "Although *de novo* review does not require a new hearing of witness testimony, *United States v. Raddatz,* 447 U.S. 667, 675–76, 100 S.Ct. 2406, 2412–13, 65 L.Ed.2d 424 (1980), it does require independent consideration of factual issues based on the record." *Id.*  If the magistrate judge made findings based on witness testimony, the district court must review the transcript or listen to a recording of the proceeding. *Id.*  The Court has reviewed the transcript of the preliminary forfeiture hearing in its entirety.

## II. DISCUSSION

The Magistrate Judge provided a thorough recitation of the facts in the Recommendation.  Consequently, a summary of the facts related to the Motion is not necessary, as the Court adopts the Magistrate Judge's findings of fact as set forth in the Recommendation.

First, as a threshold matter, unavailing is Ms. Thomas' objection that the Magistrate Judge improperly relied on the hearsay testimony of Special Agent Cory

2

Kroeger and speculative testimony of the seller when denying the Motion. During a criminal forfeiture proceeding, the Court may "receive and consider . . . evidence and information that would be inadmissible under the Federal Rules of Evidence." 21 U.S.C. § 853(e)(3). The Government may use both hearsay and circumstantial evidence to show probable cause in a forfeiture proceeding. *See United States v. $291,828.00*, 536 F.3d 1234, 1237 (11th Cir. 2008); *United States v. $242,484.00*, 389 F.3d 1149, 1160 (11th Cir. 2004); *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1440 (11th Cir. 1991) (internal citations omitted).[2]

Moreover, as discussed in the Recommendation, the weight of the testimony demonstrates that Defendant Cornelius Thomas was the true owner of the truck and that Ms. Thomas was nothing more than a nominee or straw man. As discussed in the Recommendation, the testimony of Mireyah Torres, the seller, that her course of dealings with the Defendant led her to believe that he was the purchaser of the truck, is corroborated by Agent Kroeger's testimony. Specifically, Agent Kroeger testified that the Defendant told him that he was the owner and had purchased the truck for $20,000.00 in cash. In addition, Agent Kroeger stated that other officers had observed the Defendant driving the truck. Further, it is strongly arguable that Ms.

---

[2] Although the cited cases are civil forfeiture proceedings under Title 21 U.S.C. § 881, the reasoning is applicable to this criminal forfeiture proceeding. Title 21 U.S.C. § 853(j) provides that, "[e]xcept to the extent that they are inconsistent with the provisions of this section, the provisions of section 881(d) . . . shall apply to a criminal forfeiture under this section."

Thomas divested any right and interest she may have had in the truck when she relinquished and surrendered it to her father.  In light of the credible evidence demonstrating that Ms. Thomas was a nominee, this Court agrees with the Magistrate Judge's determination that she does not have Article III standing.

Ms. Thomas also argues that she meets the elements of the innocent owner defense set forth in 18 U.S.C. § 983(d), a provision of a civil forfeiture statute.  In this criminal proceeding, the Defendant was convicted of conspiracy to distribute a controlled substance under 21 U.S.C. §§ 841(a)(1) and 846.  Thus, the forfeiture proceedings are governed by 21 U.S.C. § 853, a criminal forfeiture statute. Section 853(n)(6) provides only two ways in which third-party claimants can establish their interest in forfeited property in a criminal case.  *See United States v. Soreide*, 461 F.3d 1351, 1354 (11th Cir. 2006).  Under this section,

> (6) [i]f, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that—
>
>> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>>
>> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the

>> time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
>
> the court shall amend the order of forfeiture in accordance with its determination.

*Id*. § 853(n)(6)(A), (B).

Unlike the provision in 18 U.S.C. § 983(d) setting forth the innocent-owner defense in civil forfeiture proceedings, 21 U.S.C. § 853 does not contain a provision protecting innocent owners. *See United States v. Guerra*, 216 F. App'x 906, 909 (11th Cir. 2007) (per curiam). Thus, to the extent Ms. Thomas asserts entitlement to the truck as an "innocent owner" pursuant to 18 U.S.C. § 983(d), the Court rejects Ms. Thomas' argument.

Ms. Thomas also asserts she has superior ownership interest as a bona fide purchaser pursuant to 43 CFR § 3108.4. Defendant Thomas, however, was not charged or convicted pursuant to this Chapter of the Code of Federal Regulations which concerns oil and gas leases. Therefore, Ms. Thomas' objection on this basis is likewise without merit.

Even construing Ms. Thomas' Motion as including a challenge to the Magistrate Judge's determination based on 21 U.S.C. § 853(n)(6)(A) and (B), it is unnecessary to determine whether she has statutory standing under these provisions because Ms. Thomas, as a nominee or straw man, does not have Article III standing

to proceed. *See United States v. Tardon*, 493 F. Supp. 3d 1188, 1258 (S.D. Fla. 2020) ("[A]lthough the Petitioners would also lack a superior interest under 21 U.S.C. § 853(n)(6)(A) on the merits of their purported claims to the vehicles, . . . their claims should be rejected first for lack of standing, which is a threshold issue."). Furthermore, even assuming *arguendo* she has constitutional standing, Ms. Thomas' objections are without merit because she would lack a superior interest. *Id*. Ms. Thomas also would not qualify as a "bona fide purchaser" protected by 21 U.S.C. § 853(n)(6)(B) because "[t]hat provision exists only to protect subsequent purchasers of 'the defendant's interest' in an asset," a factual scenario not present here. *United States v. Soreide*, 461 F.3d 1351, 1356 (11th Cir. 2006).

### III. CONCLUSION

Accordingly, it is

ORDERED as follows:

1. Ms. Christina Thomas' Objections (Doc. 230) are OVERRULED;

2. The Recommendation of the Magistrate Judge (Doc. 229) is ADOPTED; and

3. The Motion for Return of Confiscated Property (Doc. 203) is DENIED.

DONE, on this the 9th day of September, 2021.

                                          /s/ R. Austin Huffaker, Jr.
                                        R. AUSTIN HUFFAKER, JR.
                                        UNITED STATES DISTRICT JUDGE